SCHWARTZ, *et al.*, Plaintiffs in Error, v. DRYDEN *et al.*, Defendants in Error.

1. In partition sales, in statutory proceedings for partition, there is no warranty of title.
2. Where the parties to a statutory proceeding for partition have no title to a portion of the land, a purchaser, at the partition sale, of such portion—there being no fraud or misrepresentation—will not be entitled to have such sale set aside as to such portion on the ground of this want of title. (SCOTT, Judge, dissenting.)

*Error to Marion Circuit Court.*

A suit was instituted in the Marion circuit court for partition of certain tracts and lots of land among the heirs of Pocahontas Sloan, deceased. In this proceeding, John D. S. Dryden, as commissioner appointed by the court, sold to Charles Schwartz and wife and William Lindig a certain lot in the town of Palmyra, 305 feet in width, and 289½ feet in length. Said lot had formerly belonged to Samuel C. Sloan, an ancestor of the parties to the proceeding for partition, who with his wife Pocahontas had conveyed all of said lot, except a strip of forty-one feet in width by 289½ feet in depth on the east side of said lot, to trustees of the town of Palmyra to be used as a graveyard. The purchasers of said lot at the partition sale moved the court " for an order setting aside said sale for so much at least of said lot as had previously been sold by Samuel and Pocahontas Sloan to the trustees of the town of Palmyra for a graveyard, and directing the said commissioner, John D. S. Dryden, to refund to plaintiffs a proper proportion of the funds paid him upon the sale."

On the hearing of this motion it appeared in evidence that the proceedings for the sale of the land sought to be partitioned were not closed, but were still pending; that at the time of said sale by Dryden, as commissioner, he did not know that said Samuel C. and Pocahontas Sloan had made the conveyance above mentioned to said trustees; that the sale was made on the ground, and many graves were there in

full view of the purchasers and other bidders; that at the sale of this lot the question was publicly asked, whether there had ever been any conveyance made of the ground occupied by the graves, to which the commissioner, publicly, in the hearing of the bidders replied, he did not know; that he had not examined the records, and that he only offered to sell whatever title the petitioners for partition might have in the lot. The court overruled the motion.

*Lipscomb*, for plaintiffs in error.

I. The parties to the partition had no title whatever to that portion of the lot included in the grant made by Sloan and wife to the trustees of Palmyra. The motion to set aside, having been made while the proceedings were yet open and pending, ought to have been granted. This case differs materially from Owsley et al. v. Smith's heirs, 14 Mo. 155. In that case the heirs of Smith claimed title. In this case the heirs of Sloan do not claim title. They admit absolute conveyance by their parents as early as 1832. Again, in Owsley v. Smith's heirs, the proceedings for partition had been closed, and Owsley sought to enjoin a judgment obtained for the purchase money. Here the proceedings for partition are yet open and pending. The motion to set aside had been made at the earliest moment. The commissioner, who is also the attorney who brought the suit for partition and defendant in this motion, was ignorant of the conveyance of 1832. By mistake the suit embraced the land sold in 1832. Equity and good conscience require that the motion should prevail.

*Dryden*, for defendants in error.

I. The plaintiffs in error were purchasers at a judicial sale. There is no pretence of fraud or misrepresentation. The maxim " *caveat emptor*" applies. (Owsley v. Smith's heirs, 14 Mo. 153.)

II. The plaintiffs ask to set aside the sale as to part only of the property sold. If set aside at all, it would have to be set aside in toto. The relief can not be had by motion.

37—VOL. XXV.

NAPTON, Judge, delivered the opinion of the court.

In the case of Owsley et al. v. Smith's heirs, 14 Mo. 153, this court held that in partition sales under our statute there was no warranty of title. This decision is based upon the particular phraseology of our statute, and seems to have been acquiesced in. No case has been brought up to this court, since that decision, in which the court has been asked to review the subject; nor is it attempted in this case.

Regarding this point as settled, the plaintiff, who was the purchaser of a lot in Palmyra at a partition sale made by a commissioner, applies to the court to set aside so much of the sale as included a part of the premises he purchased to which it turned out there was no title in the parties to the partition. It seems that the sale was made upon the premises; that a portion of the lot was covered by a graveyard; that inquiry was publicly made whether this portion of the lot had ever been conveyed away by the ancestor of the petitioners; and that the commissioner publicly stated " he did not know; that he had not examined the records; that he only offered to sell whatever title the petitioners might have in the lot."

It is not doubted that where fraud or misrepresentation has occurred, or where the purchaser has been led into a mistake by the conduct of the seller, a court has ample authority, at all events previous to a confirmation of the report, to set aside the sale. No fraud or misrepresentation is alleged in this case, and the circumstances show that if the purchaser was led into mistake, it was not superinduced by the conduct of the commissioner or the petitioners, but resulted from the grossest negligence of his own. The graveyard was visible, and the subject was inquired into. The deed which had conveyed it was upon record, and the commissioner stated that he had not examined the record. Whether, under these circumstances, the portion of the lot thus covered with graves was regarded as of any value by the purchaser when he made his bid would not seem very clear. But if the court is justified in setting aside the sale at all, it ought, under such

Schwartz v. Dryden.

circumstances, be set aside altogether. It may be that the portion of the lot to which there was good title was worth, and would have brought, the full amount of the bid. But the purchaser does not ask this; he desires simply a *pro rata* deduction from his bid. This can not be allowed; for, although he may be injured, that injury is plainly the result of his own negligence and not brought about by the conduct of others. Judge Richardson concurring, the judgment is affirmed.

SCOTT, Judge, dissenting. I do not regard a sale in partition as being similar to a sale on a judgment at law. A sale under an execution is always considered as *in invitum*. Not so with a sale in partition; but it is a kind of sale by the parties themselves. A sale by partition is becoming in this state a usual mode of conveyance; and if it should be treated as a sale under a judgment, at which the rule *caveat emptor* applies, our courts will be made cloaks for many fraudulent contrivances to deceive innocent purchasers. When a title to land has been investigated by a court, and an order for its sale has been made, it is supposed, as the courts would not be made instruments of fraud, that the parties to the suit in partition have title to the land which is ordered to be sold. Courts should not make partition nor order sales unless they are satisfied that there is a title in those who are seeking its assistance. If it is established that the rule *caveat emptor* applies to sales in partition, speculators will be emboldened to seek a sale in partition of any tract of land they fancy, in the hope they may entrap the unwary. In judicial sales the courts will relieve purchasers against encumbrancers and defects in title; and why should this form of sale, which is becoming so common and which may so readily be perverted to purposes of fraud, be made an exception? In the case of Smith v. Brittain, 3 Ired. Eq. 347, it was held that a sale by a clerk and master, under a bill praying the sale of land for partition, is but a mode of sale by the parties themselves. It is not merely a sale by the law, *in invitum*, of such interests

as the parties have or may have—in which the rule is, *caveat emptor*—but professes to be a sale of a particular interest stated in the pleadings to be vested in the parties, and to be disposed of for the purpose of partition only. If a purchaser pays his money on a master's sale, and discovers a defect in the title at any time before a conveyance executed, he may recover it back. So in the case of Jackson v. Edwards, 22 Wend. 509, the court, speaking of a sale in partition, says: "Although these chancery sales are not made with warranty, it is the established course of practice of the court, whenever any objection is taken, if not in all cases, to refer it to a master to ascertain and report whether a good title can be made to a purchaser."

The case of Owsley et al. v. Smith's heirs, 14 Mo. 153, has not been overlooked by me.