HENRY MATLOCK, Respondent, *v.* JOHN S. BIGBEE *et al.,* Appellants.

*Partition Sale—Co-parcener—Fraud.*—The false and fraudulent representations made at a partition sale by one of the parceners or tenants in common will not affect his co-tenants, where he was not acting as their agent or representative. Such representations constitute no defence to an action by the sheriff against the purchaser for the amount of his bid. *Sed quære.* In a proper action, will not the party making such representations be liable to the purchaser for the injury done?

*Appeal from Greene Circuit Court.*

*E. B. Ewing,* for appellants.

I. The answer alleges a good defence to the action—a total failure of the consideration of the note sued on, by reason of the fraudulent representation of one of the heirs, one of the parties interested in said note.

Representations are made as to material matters, which the answer charges have no existence whatever; and as to the quality, quantity and value of other material matters, which are likewise false and fraudulent. (Dyer v. Hargraw, 10 Vesey, Jr., 509; Grant v. Mant, Cooper, 173; Lanice v. Hill, 25 Ala. 558; McFenan v. Taylor, 3 Cranch, 281; Woods v. Hall et al., 1 Dev. Eq. R. 417, 418; Glascock v. Minn, 11 Mo. 655; Homes v. Marshall, 18 Mo. 368; Schwartz v. Dryden, 25 Mo. 572.)

The rule *caveat emptor* has no application, of course, in a case where *fraud* is committed by the parties interested in the land sold. (Owsly v. Smith, 14 Mo. 155.)

DRYDEN, Judge, delivered the opinion of the court.

This was a suit on a note given by the appellants to the respondent, for the purchase money of a tract of land sold to the appellants by the respondent, as sheriff of Greene county, under a judgment of the Greene Circuit Court, for partition among the heirs of Larkin Payne, deceased.

The appellants alleged in their answer to the petition the

Matlock v. Bigbee et al.

consideration for which the note was given; that the sale was made by the respondent, as sheriff, in obedience to the judgment of the court; and that, at and before the sale, one Daniel Payne, one of the co-parceners and interested in the lands, "falsely and fraudulently, and with intent to cheat and swindle the defendants, asserted and represented to the defendants that he was well acquainted with the land and premises which were then to be offered for sale, and that said land had on it a large apple-orchard bearing excellent fruit, and a good well of never-failing water, and about twenty acres of land in cultivation, with good fencing and other improvements, and that there was on said land a good comfortable dwelling-house, and that there were about sixty acres of the best timber land in the country." The answer then proceeds to show that there was not a large orchard on the premises bearing excellent fruit, but only a few trees bearing inferior fruit; that there was no well of water of any sort on the premises; that there were not twenty acres in cultivation, and that the fencing and other improvements were almost wholly worthless; that the dwelling-house was unfit for habitation; and that the timber on the land was inferior compared with that of the country, and that the representations so made were made with a knowledge on the part of Payne of their falsity; and that the defendants were induced to make the purchase relying upon the truth of the representations so made to them. They also further "charge that said false representations were made by said Payne in the presence and hearing of the plaintiff, who wholly failed and neglected to deny or contradict said statements and representations of said Payne, but by his silence gave his tacit consent to said representations, and by such silence induced these defendants to give more and greater faith to the false and fraudulent representations made by said Payne, and thereby aided said Payne more easily to impose upon, cheat and defraud the defendants." The answer also avers the failure and refusal of the plaintiff to convey the land to the ap-

pellants, and then, for relief, prays a rescission of the sale and the cancellation of the note. The plaintiff moved the court to strike out the answer, on the ground it contained no defence. The answer was accordingly stricken out, and the defendants excepted, and have brought the case here by appeal.

There is nothing in the answer to show that Daniel Payne, who made the false representations complained of, was in anywise the agent or representative of his co-tenants in or about the sale of the land; nor is there any thing in the relation of co-parceners subsisting between him and his co-heirs, implying an authority in him to affect their interest in the common property by any contract or representation of his. If he was alone concerned in the sale, it would hardly be questioned that the appellants, on the facts alleged, would be entitled to be relieved from the obligation of the contract; but here there are other parties interested in the contract, and in its performance by the appellants, who, it is not pretended, are at all in fault. Shall they be made to suffer loss by a fraud, in the perpetration of which they had no participation? I think not. I would not say the appellants are without remedy as against Daniel Payne, who committed the fraud; but that his remedy is not the one, in the circumstances of this case, which he has invoked.

As a further ground for the relief asked, it is stated in the answer that the false representations of Payne were made in the presence and hearing of the plaintiff, the sheriff, who failed to deny or contradict them. It does not appear from any thing in the answer that the sheriff knew any thing about the land, or about the truth or falsity of the representations of Payne, and if not, he was, of course, under no obligations to notice the statements.

The court committed no error in striking out the answer, and its judgment will be affirmed.

The other judges concur.