THE MUTUAL SAVINGS INSTITUTION, Plaintiff in Error, *v.* CHAS. ENSLIN, Defendant in Error.

1. *Practice, civil — Actions — Money paid — Mistake of law.* — Money paid with a full knowledge of the facts, but under a mistake of law, can not be recovered back.

*Error to St. Louis Circuit Court.*

*Chapin*, for plaintiff in error.

Money paid by the plaintiff to the defendant under a *bona fide* forgetfulness or ignorance of facts which did not entitle the defendant to receive it, or under a mistake in law under circumstances that would make it inequitable and unconscientious for the defendant to retain it, may be recovered back as money had and received. (Kelly v. Solari, 9 M. & W. 54 ; 2 Smith's Lead. Cas. 543 ; Broome's Leg. Max. 177, 237.)

*Taussig & Kellogg*, for defendant in error.

Plaintiff acted with full knowledge of all the facts, and therefore is not entitled to relief from a mistake of law. (Chit. on Cont. 490–1 ; 2 Greenl. on Ev., § 123, note 8 ; Tyler v. Smith, 18 B. Monr. 793 ; Marietta v. Slocomb, 6 Ohio St. 471.)

CURRIER, Judge, delivered the opinion of the court.

This case comes up on an agreed statement of facts, from which it appears that the firm of Koehls & Golberg held a note of some $430 of one Heiderman, of Peoria, Illinois, which they indorsed in blank, and delivered to the plaintiffs for collection and as collateral security. It appears further that the firm of Koehls & Golberg was subsequently dissolved by mutual consent; that Golberg died a few days after the dissolution, and that Koehls, before any administrator was appointed on Golberg's estate, or rather before the administrator had given a bond authorizing him to deal with the firm affairs, made a written assignment and transfer of the Heiderman note to a firm creditor, in liquidation and settlement of a partnership indebtedness and that the

assignee thereupon notified the plaintiffs of such transfer and assignment of said note. Subsequently, as the agreed statement further shows, the defendant was appointed to administer upon Golberg's estate, and in due time gave the bond required by statute when the administrator of a deceased partner takes charge of the partnership affairs (R. C. 1855, p. 124, § 60), and thereupon demanded of the plaintiffs the Heiderman note or its proceeds, the debt for which it was originally pledged having been paid. The plaintiffs yielded to this demand, and directed the proceeds of the note to be paid to the defendant, therein disregarding the notice which they had received from the assignee claimant under the Koehls transfer.

The defendant accounted with the Probate Court for the fund thus acquired, as constituting a part of the firm assets of Koehls & Golberg, and subsequently paid it out to the firm creditors under and by virtue of an order of that court.

In the meanwhile, and before the fund was finally distributed, Bredow, the assignee under Koehls, sued the plaintiffs for a conversion of the Heiderman note, claiming it as his in virtue of the assignment. The plaintiffs gave the defendant due notice of the pending of that suit, and that they should look to him for reimbursement in case their defense should prove unavailing.

They defended the suit, but judgment went against them for the amount of the note, notwithstanding its proceeds had been paid over to the defendant in this suit. (See Bredow v. Mutual Savings Institution, 28 Mo. 181.)

The plaintiff then paid off the judgment and took an assignment of Bredow's claim, and thereupon instituted the present suit against the defendant to recover back the moneys paid to him as above stated. The case has been in this court once before. (See Mutual Savings Institution v. Enslin, 37 Mo. 453.)

The agreed statement shows that an error has been committed, by which one of the parties must suffer. The proceeds of the Heiderman note have gone to the benefit of the creditors of Koehls & Golberg twice: once to Bredow, under the judgment of this court; and once to the creditors generally, under the order and direction of the Probate Court. The plaintiffs paid to

Bredow and the defendant, to the general creditors. The plain-
tiffs thus far are the losing party, and seek to indemnify them-
selves by a recovering back from the defendant of the amount
paid to him, and which he has already paid over to other parties
under the orders of the Probate Court. Are they entitled to this
recovery? In the notice given to the defendant of the pendency
of the Bredow suit, the plaintiffs state, for substance, that the
proceeds of the Heiderman note were ordered to be paid over to
him "under the supposition" that he was the party "lawfully
entitled to receive them." Now, if the plaintiffs paid over to
the defendant the proceeds of that note under a mistake of law
merely, and not under a mistake of fact, they are not entitled to
recover back the money so paid. In assuming to judge of the
legal rights of the rival claimants, without referring the matter
to the courts, and paying according to their view of those legal
rights, they acted at their peril and must submit to the conse-
quences. It is a well-settled principle that money paid under
mistake or ignorance of the law, but with a knowledge of the
facts, or the means of such knowledge, can not be recovered back
from the party to whom it was paid. (2 Greenl. Ev., § 123;
Chit. on Cont., 626–7, 7th Am. ed., and see the authorities cited
in note 1, p. 628; Tyler v. Smith, 18 B. Monr. 793; City of
Marietta v. Slocomb, 6 Ohio St. 471.)

In the case at bar, the plaintiffs appear to have acted with a
knowledge of the material facts, and with all requisite means of
information. The cause shows that they ordered the money to
be paid over to the defendant, with notice of the dissolution by
consent of the firm of Koehls & Golberg; with notice of Golberg's
death; with notice of the assignment by Koehls to Bredow &
Schaffer, and of their claim to the note and its proceeds; and
with notice of the appointment of the defendant as Golberg's
administrator. With these facts before them, and with ample
time for deliberation and opportunity for further inquiry, they
ordered the money to be paid to the defendant, "supposing"
him to be the party "lawfully entitled to receive" it. They now
urge their mistake, and insist that the defendant was not legally
entitled to the fund, and pray judgment against him for the

amount of it. Under the rule already stated such a judgment would be unwarranted.

But the plaintiffs' counsel cite several authorities (9 M. & W. 54; 2 Smith's Lead. Cas. 543; and Broome's Legal Maxims, 177, 237) in support of the proposition that money paid under a mistake of law may be recovered back where it appears that it would be inequitable and unconscientious for the party receiving the money to retain it. This principle does not help the plaintiffs. They show no superior equity. It is as inequitable for the defendant to lose the money as it is for the plaintiffs to lose it. Both parties acted in apparent good faith, and one must lose. The plaintiffs paid the money to the defendant, or ordered it to be paid to him voluntarily, under a mistake of law, as they now insist. The defendant, having the money in his custody, was ordered by the proper court to distribute it to the creditors of Koehls & Golberg, and did so under the coercion of that order. He at the time had notice, indeed, of the pendency of the Bredow suit, but he acted under the sanction of a judicial order. The case shows no equity in the plaintiffs to take it out of the general rule that money paid with a full knowledge of the facts, but under a mistake of law, can not be recovered back.

In my opinion, the judgment should be affirmed. The other judges concur.