----------o----------

A. H. CASHION, Plaintiff in Error, *v.* VINCENT FAINA *et al.*, Defendants in Error.

1. *Partition, sale in imports no warranty of title.*—In a suit by a sheriff on a note given by the purchaser of land at sheriff's sale in partition, for the payment of the purchase money, an answer averring failure of title in the grantor constitutes no defense. A sale in partition imports no warranty of title. The deed simply conveys the interest of the parties to the proceedings, and is only a bar against them and persons claiming under them.

*Error to Second District Court.*

*B. Cissell*, for plaintiff in error.

There is no warranty of title in sales by the sheriff to make partition. (Owsley *et al.* v. Smith's Heirs, 14 Mo. 153 ; Schwartz v. Dryden, 25 Mo. 572 ; Matlock v. Bigby, 34 Mo. 354 ; Fulbright v. Cannefox, 30 Mo. 425 ; Wagn. Stat. 971, §§ 34–5 ; Stewart v. Garvin, 33 Mo. 103.)

*Bush & Robinson*, for defendants in error.

I. As between the parties to proceedings in partition there is an implied warranty of title. (Owsley v. Smith's Heirs, 14 Mo. 153 ; Schwartz v. Dryden, 25 Mo. 572 ; Pickoff v. Page, 26 Mo.

398; Forder v. Davis, 38 Mo. 107.) The doctrine of *caveat emptor* does not apply to sales in partition. (Pentz v. Kuester, 41 Mo. 447; Fulbright v. Cannefox, 30 Mo. 425; Jackson v. Edwards, 22 Wend. 509; In the matter of Cavanaugh, 37 Barb. 22; Sugd. Vend. 60, note.)

II. If the rule of *caveat emptor* does not apply (Pentz v. Kuester, *supra*) in partition sales, failure of consideration being pleaded is a good defense without regard to warranty. This defense is competent in all cases where this rule does not obtain. (1 Pars. Cont. 427, 462; Sto. Prom. Notes, 183; Broom's Leg. Max. 471; Long v. Gilmore, 28 Mo. 560; Walker's A. L. 421; 2 Blackst. 445.)

WAGNER, Judge, delivered the opinion of the court.

The defendant, at a sheriff's sale in partition, purchased certain lands, and gave his promissory note for a part of the purchase money. Payment not being made at maturity, the sheriff brought this action to enforce the collection thereof. As a defense, the answer stated that there was a failure of consideration; that there was no title to one of the pieces of land purchased at the sale, and that the defendant had been evicted from its possession in an action regularly instituted in a court of competent jurisdiction; that the other piece of land was valueless; and he asked for a cancellation of the note, and for judgment for the amount he had paid.

This answer was stricken out, on motion, as constituting no defense to the action, and the defendant failing to further answer, judgment was rendered for plaintiff, which was reversed in the District Court. The answer contains no averment, nor is it pretended, that there was any fraud, misrepresentation, or undue influence practiced at the sale. The simple question, then, presented arises upon the construction of our statute as to whether a sale in partition imports a warranty of title. This question has been before this court on several occasions, and it has always been decided that there was no warranty in such cases; that the deed executed conveyed the interest, whatever it might be, of the parties to the proceedings, and was a bar against them and all

persons claiming under them. (Owsley v. Smith, 14 Mo. 153; Schwartz v. Dryden, 25 Mo. 572; Matlock v. Bigby, 34 Mo. 354.)

Without re-stating the reasons which led to these decisions, it is only necessary to say that they have established the law in this State, that we acknowledge their binding authority, and can not consent to reopen the question. It follows, therefore, that the judgment of the District Court must be reversed and that of the Circuit Court affirmed. The other judges concur.