STEPHENS, APPELLANT V. ELLS.

1. **Partition Sale**: PURCHASE BY PART OWNER: NO WARRANTY OF TITLE. The rule that a sale in partition under a decree of court carries no warranty of title applies as well when one of the part owners is the purchaser as when a stranger is the purchaser. The maxim, *caveat emptor*, applies in either case; and the purchaser takes the land subject to all existing incumbances.

2. ———: ———: EFFECT OF SUBSEQUENT PAYMENT OF TAXES BY PURCHASER. When one of several co-tenants purchases the joint property at a sale in partition under a decree of court, the co-tenancy is thereby severed, and if he subsequently pays taxes which were due and constituted a lien upon the property at the time of the sale, he does it in the character of purchaser and has no claim for contribution from his late associates.

*Appeal from Cooper Circuit Court.*—HON. GEORGE W. MILLER, Judge.

This suit was instituted by the appellant to recover of the respondent, Daniel B. Ells, his proportionate part of certain taxes paid by the appellant, which were assessed against them and one C. C. Ells, jointly, as the owners of

certain real estate. The case was tried upon an agreed statement of facts, substantially as follows : In the year 1873, and prior and subsequent thereto, the plaintiff, defendant and one C. C. Ells were the owners, as tenants in common, of certain real estate in the city of Boonville, of which the plaintiff and C. C. Ells each owned an undivided one-fourth, and the defendant the remaining one-half. In said year, and while they were the joint owners of said property, there were assessed against them upon said property certain taxes for State, county and city purposes. The same were legally assessed aginst them, and became due and payable while they were the joint owners of said property. After the levy of said taxes against them, and after they became due and payable, the said real estate was sold under a decree in partition rendered by the Cooper circuit court, in a cause wherein the appellant was plaintiff, and the respondent, together with C. C. Ells and Horatio N. Ells, were defendants, and at this sale the appellant became the purchaser of said real estate, and these taxes were then unpaid and constituted a lien upon said property. The appellant after he had made the purchase and become the sole owner of said property, upon the demand of the collector, paid off and discharged said taxes so assessed against them, and no part thereof has ever been repaid to him, and it is for the recovery of one-half of the taxes so paid that this suit is brought.

The appellant asked the court to declare the law to be, "that if the taxes alleged to have been paid by the plaintiff were jointly assessed against plaintiff and defendant upon the property mentioned in the petition, and at that time plaintiff and defendant were the joint owners of said property, and continued so to be until after said taxes became due and payable, then said taxes became a personal debt of said parties to the State, county and city, (as the case might be) as well as a lien upon said property, and a subsequent sale did not discharge said indebtedness, but plaintiff and defendant continued personally liable there-

for, and if plaintiff paid the whole of said taxes, he was entitled to judgment against said defendant for his part thereof" The court refused to give this declaration of law, but, upon motion of defendant, declared the law to be, "that if the taxes were a lien upon the property when the plaintiff purchased at the partition sale, then there was no warranty, and the plaintiff only purchased the interest of the parties to said suit in said real estate, subject to the lien of said taxes, and if the plaintiff paid the taxes after the relation of tenant in common had ceased, then he could not recover." Under this ruling of the court there was a finding and judgment for the defendant, and the plaintiff after an unsuccessful motion for a new trial, brings the case here by appeal.

*Draffen & Williams* for appellants.

The court erred in refusing to give plaintiff's instruction. After the taxes were duly assessed against the appellant and respondent jointly, and became due and payable, they not only constituted a lien upon the land, but were also a personal charge or debt of the owners for which they were severally liable, and for the payment of which their goods and chattels were subject to distress and sale, and a subsequent transfer of the property would not release them from this liability. Notwithstanding the State and county might pursue their lien upon the property, yet the collector could not do this until he had exhausted his remedy against the tax debtor personally. See 2 W. S. (1872) page 1183, § 118; page 1185, § 134, and page 1170, § 59; *Jones v. Stanton*, 11 Mo. 433; *Blossom v. Van Court*, 34 Mo. 390; *Abbott v. Lindenbower*, 42 Mo. 162.

We do not claim to recover by virtue of any warranty at the partition sale under which the plaintiff purchased. That is not the theory of this case, and the instruction given in behalf of the defendant, and the authorities touching warranty at sales of this kind do not meet the

point at issue. The simple question in the case now before the court is, not as to whether there was any warranty at the sheriff's sale, but whether the parties who owned the property when the taxes were levied and became due, were personally liable to the State, city and county, for the same, notwithstanding a subsequent sale of the property; and if so, would a payment by one, upon demand of the collector, of the whole tax for which they were each liable, authorize him to recover of his co-debtor his proportionate part of same. These taxes were assessed against the parties to this suit while they were joint owners of the same. It is not the property that is taxed, but the owner. *Abbott v. Lindenbower, supra.*

And " the State and county taxes constitute a liability of the owner of the property as well as an incumbrance upon the land itself." (34 Mo. 394.) The owner of the property on the first day of August in any year becomes responsible to the State for the taxes of the succeeding year. He is the tax-debtor. His personalty is subject to sale for the same; and we insist that the taxes continued a joint liability of the parties to the State and county notwithstanding the sale, and that the court erred in refusing plaintiff's declaration of law; otherwise the defendant would escape entirely the payment of taxes for that year.

*McMillan Bros.* for respondent.

1. In sales of this character, there is no warranty of title, the purchaser takes by his deed only such title as the parties to the proceeding had, and there can be no distinction between purchasers at a judicial sale. The parties to the proceedings, as well as the stranger to the record, all stand on the same footing. To allow any other rule to prevail, where one of the co-tenants becomes the purchaser, would work great injustice to other co-tenants who might be unable to purchase at the sheriff's sale.

2. When money has been expended in removing a tax

or other lien, or in asserting common right or redressing ·
some common injury, or the preservation of the common
property, one co-tenant has no remedy by personal action
against his non-contributing co-tenants for contribution,
unless authorized to make the expenditure for them, but
he has his remedy against the land, and may assert it to
the extent of the non-contributing co-tenant's interest
therein, and no further.   Freeman on Co-ten. and Part.,
(1st Ed.) p. 320, Sec. 263 ; Story Eq. Jur., (8th Ed.) p. 461,
Sec 1235 ; *Titsworth v. Stout*, 49 Ill. 78 ; *Converse v. Ferre*, 11
Mass. 326 ; *Creps v. Baird*, 3 Ohio St. 277.

NAPTON, J.—The only question in this case, relates to
the effect of a purchase, at a partition sale of land under
a decree of court, when the buyer is one of the part
owners.   There is no doubt that partition sales, like other
judicial sales, carry no warranty with them, and that the
maxim of *caveat emptor* applies to the purchaser.   This
was decided in *Owsley v. Smith* (14 Mo. 153), and subse-
quently in *Schwartz v. Dryden* (25 Mo. 572), and in *Matlock
v. Bigby* (34 Mo. 354) ; and in 1870, in the case of *Cashion
v. Faina*, (47 Mo. 133), Judge Wagner says : " The simple
question, then, presented, arises upon the construction of
our statute as to whether a sale in partition imports a
warranty of title.   This question has been before this court
on several occasions, and it has always been decided that
there was no warranty in such cases ; that the deed exe-
cuted conveyed the interest, whatever it might be, of the
parties to the proceeding, and was a bar against them and
all persons claiming under them.   *   *   *   It is only
necessary to say that these decisions have established the
law in this state and that we acknowledge them binding
authority, and cannot consent to re-open the question."
That this decision of our court is not singular or peculiar,
will be seen by reference to the authorities cited in Rorer
on Judicial Sales, where it is asserted that " In the Monte
Allegre (9 Wheat. 616) this rule is plainly asserted by the

Supreme Court of the United States, and is the general doctrine in most, if not all, of the states and of the common law." Rorer on Judicial Sales, §§ 458, 459. A purchase by a stranger, at a judicial sale of this character would be governed by the rule of *caveat emptor*, and would be a purchase of the title sold, subject to any incumbrances previously created by the owner. The question in this case is, whether, where a part owner buys, he occupies any different position from a stranger, to the title. One would naturally suppose that the part owner would be more likely to know the amount of the incumbrances on the land than a stranger, and that his bid would be governed by his knowledge of these facts. He would, of course, bid only what he supposed the land was worth over and above the incumbrances on it, with the amount of which he would necessarily be familiar. The judicial sale severs the co-tenancy. If the co-tenant purchases at such sale, and is allowed to re-assume his relation of co-tenant, after its severance brought about by his own application, for the purpose of calling on his co-tenants to contribute their share to extinguish incumbrances, it is obvious that his purchase gives him great advantages over other purchasers and places his co-tenants, who decline or are unable to bid, under great disadvantages. We assume that his bid, as that of a stranger must be, was for the title as it was at the date of the sale. All the world is invited to bid, and among others the co-tenants, or any one of them. A bid from one of them occupies the same footing as a bid from a stranger.

The payment of money to remove a tax or other lien by the co-tenant during the tenancy, or the expenditure of money to preserve the common property, presents entirely different considerations. And so in regard to voluntary partitions. *Jones v. Stanton*, 11 Mo. 433; *Picot v. Page*, 26 Mo. 399. Whether these voluntary expenditures afford a ground for contribution in favor of one co-tenant against another, as an affirmative cause of action against the cou-

tributing tenant, in the absence of any previous authorization or subsequent ratification, or must be held simply as a lien against the property, is a point upon which no opinion is necessary to be expressed. It is sufficient to say that in this case the payment was made after the co-tenancy ceased, and was made by the co-tenant in the character of purchaser at the judicial sale in partition. The judgment is affirmed. The other judges concur.

AFFIRMED.