## J. R. AND ADELIA BURNS v. W. H. LEDBETTER.

(Case No. 1442.)

1. COMMISSION OF APPEALS, ADJUDICATIONS OF.— Questions decided by the commission of appeals in arriving at their award, in cases referred to them by agreement, are as conclusively settled, for the purpose of further proceedings in that case, as they would be by the adjudication of the case by this court.

2. FORMER DECISION—LAW OF THE CASE.— It seems that in this state there is no inflexible rule making such former decision necessarily the law of the case.

3. VOID SALE—APPEAL—RETURN OF THE PURCHASE MONEY.— Where an appeal is taken under article 1493, Pasch. Dig., by the provisions of which execution may issue and property be seized, but no sale can be made pending the appeal, if nevertheless the officer sells, the purchaser at this void sale is entitled to be refunded the purchase money, the same having been applied to the satisfaction of the judgment.

4. SAME—JUDGMENT PLAINTIFF'S ATTORNEY.— The above proposition holds true although the purchaser was the attorney of the judgment plaintiff, and procured the issuance of the execution.

5. SAME—CAVEAT EMPTOR NOT APPLICABLE.— In this case the execution conferring no authority to sell, and for that reason, there being no valid sale, the maxim *caveat emptor* does not apply.

6. SUBROGATION OF PLAINTIFF—LEGAL INTEREST.— The plaintiff in the present action, though subrogated to the judgment lien, and though the judgment bore ten per cent. interest, was entitled to only the legal rate of interest on the purchase money paid out by him.

APPEAL from Fayette. Tried below before the Hon. N. G. Shelley, special judge.

*J. R. Burns*, for appellants.

No briefs for appellee.

GOULD, CHIEF JUSTICE.— With a single exception the questions now sought to be presented were settled on a former appeal. 54 Tex., 374. By agreement of parties the cause was, whilst pending in this court on that appeal, referred to the commissioners of appeal, and they

having reported their award and opinion, said award was regularly made the judgment of this court. That award and judgment settled the questions of law decided therein, for the purposes of any further proceedings in the case, as conclusively as if the appeal had been disposed of by this court, without reference to the commissioners of appeal. It has even been suggested that, by reason of the consent of parties to the reference, the award may be more conclusive on them than would be the adjudication of the case by this court. However this may be, we are satisfied that the questions decided by the commissioners of appeal in arriving at their award are as conclusively settled as the law of the case as they would have been had the case been decided in the usual course of procedure by this court. How conclusive such an adjudication by this court would be, is a point on which the court expresses no opinion. Cases have occurred in which this court has deemed itself justified in departing from the law as decided on the former appeal. See Layton v. Hall, 25 Tex., 212; Reeves v. Petty, 44 Tex., 149; Ragland v. Rogers, 42 Tex., 422; White, Smith & Baldwin v. Downs, 40 Tex., 207.

Speaking only for myself, I desire to say that whilst on the authority of these cases it must be conceded that, in this state, the rule making the former decision the law of the case is not inflexible, but has its exceptions, that the rule itself is well established, is founded on the policy of preventing useless litigation, and that it should not be departed from even for the purpose of reinvestigating the correctness of the former decision, save for urgent reasons. Reference is made to some authorities supporting the rule. Wells on Res Adjudicata, ch. 44; Burke v. Matthews, 37 Tex., 74; Corning v. Troy Nail Co., 15 How., 466; Ogden v. Larrabee, 74 Ill., 510; Donner v. Palmer, 51 Cal., 699; Dodge v. Gaylor, 53 Ind., 368, citing numerous authorities. For convenience of reference

some of these authorities are given here.    Roberts v. Cooper, 20 How., 467; Cumberland Coal Co. v. Sherman, 20 Md., 117; Mitchell v. Davis, 23 Cal., 381; Parker v. Pomeroy, 2 Wis., 112; Booth v. Commonwealth, 7 Met., 285; Craig v. Bagby, 1 T. B. Mon., 148; Groff v. Groff, 14 Serg. & R., 181; Wilcox v. Hawley, 31 N. Y., 648; Nichols v. Bridgeport, 27 Conn., 459; Chambers v. Smith, 30 Mo., 156; Jesso v. Cater, 28 Ala., 475.    See also Ram on Legal Judgments, ch. 14, p. 197, where it is said: "If the rule of *stare decisis* is of any value, it should be adhered to, when the precise question is again presented in the same court, between the same parties, and on the same state of facts, citing N. Haven R. R. v. Ketchum, 34 How. Pr., 304.    In view of this rule, I would myself have thought it proper to dispose of all the questions passed on in the opinion of the commissioners of appeal by a simple reference to that opinion as having conclusively settled them for the purposes of this appeal.    The other members of the court, however, entertain views which lead them more readily to re-examine such questions, and the authorities have been looked into sufficiently to satisfy us that the rules of law laid down by the commissioners of appeal are supported by the previous decisions of this court and should be adhered to.

The principal question was as to Ledbetter's right to recover back the purchase money bid and paid by him at an execution sale, void because the execution conferred no authority to sell any property of the defendants in the execution, the amount so bid having been applied to the payment of the judgment.    Ledbetter was the attorney of the judgment creditor, and sued out the execution, notwithstanding the judgment had been so far superseded that there could be no sale, though execution might still issue, under which property might be levied and held subject to the result of the appeal.    After buying in the land at the sale, he sued Burns and wife for its recovery,

sequestered it, and obtained possession by himself re-
plevying. When that suit was decided against him he
brought this his second action of trespass to try title,
seeking, however, as alternative relief, the recovery back
of the purchase money with interest, and asking for other
relief.

By the award of the commissioners he was allowed the
recovery sought, and to secure him therein was subro-
gated to the lien of the original judgment which had been
in part paid by his purchase. His right to recover back
the purchase money is, we think, complete both on prin-
ciple and authority. If the judgment creditor had been
himself the purchaser at a sale, void because of the char-
acter of the process, and had thereby apparently satisfied
his judgment "without any gain to himself or loss to
the defendant," he could on motion have had the satis-
faction set aside, or, in this state, have maintained an ac-
tion on the judgment as unsatisfied. Townsend v. Smith,
20 Tex., 465; Freeman on Judgments, sec. 478; Freeman
on Executions, sec. 352.

In such a case, if a third person become the purchaser,
he may recover back the "purchase money paid to the
use of defendant, and interest." Stone v. Darnell, 25
Tex. Sup., 435; Freeman on Judgments, sec. 478; Free-
man on Executions, sec. 332. Brown v. Lane, 19 Tex.,
203, was not a case where the execution conferred no
power to sell, but where the sale was void for other rea-
sons. It is not in conflict with Stone v. Darnell. Where
the process confers no authority to sell, and for that rea-
son there is no valid sale, it seems that the maxim of
caveat emptor does not apply. Freeman on Executions,
sec. 301, note 7 and note 2.

Ledbetter was the attorney of the judgment plaintiff,
but was not for that reason precluded from recovering
back money paid without consideration. His position
can scarcely be such as to give him less rights than the
plaintiff. The cases are numerous in this state in which

equitable relief, predicated on these rights of the judgment plaintiff or the purchaser, has been liberally extended. Harrison v. Oberthier, 40 Tex., 385; Peters v. Clemens, 52 Tex., 140; French v. Grenet, Austin term, 1881; Morton v. Wellborn, 21 Tex., 773; Andrews v. Richardson, 21 Tex., 296; Howard v. North, 5 Tex., 315, 317.

But we do not find it necessary to inquire whether Ledbetter should have been granted the equitable relief of subrogation or not, for it now appears that he has been reimbursed and does not need subrogation. Burns and wife were entitled to recover of him rent during the time that he held possession after replevying, and that claim was before the court on the last trial. The court set off the rents due Burns and wife against Ledbetter's monied demand and found a balance of $123 in favor of Ledbetter.

In stating this account Ledbetter was held to be subrogated to the judgment lien, and as that judgment bore ten per cent. interest, he was allowed interest at that rate. We think that he was only entitled to legal interest. Stone v. Darnell, 25 Tex. Sup., *supra*. Even had the case been one for partial subrogation, Ledbetter in equity could claim nothing more than his money and eight per cent. interest. Stating the account anew with interest at eight per cent., it is found that there is a balance of $39.76 due Burns and wife, with interest from April 1, 1881. The judgment will be reversed and rendered in their favor for that sum with interest, but will in all other matters be affirmed.

REVERSED AND RENDERED.

[Opinion delivered February 14, 1882.]

STAYTON, ASSOCIATE JUSTICE.— I concur in the disposition made of this case solely upon the ground that the questions involved have been settled by the former line of decisions of this court in accordance with the opinion now

given. Were the question an open one in this court, I am of the opinion that it would be a better rule to deny relief to a mere volunteer who purchases at an execution or judicial sale, under the facts presented in this and similar causes.