LAWRENCE B. CAMPBELL *et al.*, Respondents, v. W. W.
CLARK, Appellant.

### St. Louis Court of Appeals, March 10, 1891.

**Recovery of Money Paid Under Mistake of Law.** Money paid
with a full knowledge of the facts, but under a mistake of the
law, cannot be recovered in the absence of fraud, imposition,
undue influence, or the like.

*Appeal from the Newton Circuit Court.*—HON. JOSEPH
CRAVENS, Judge.

REVERSED.

*White & Clark*, for appellant.

The court erred in permitting the introduction of
any testimony by the plaintiffs. Both the original and
amended statements of plaintiffs show that there was
simply a mistake or ignorance of the law, and money
paid under mistake or ignorance of the law cannot be
recovered back. 2 Greenl. Ev. [ 14 Ed.] sec. 123 ; *Sav.
Inst. v. Enslin*, 46 Mo. 200 ; *Wolfe v. Marshall*, 52 Mo.
167 ; *Savings Ass'n v. Kehlor*, 7 Mo. App. 158 ; *Inhab-
itants of Schell City v. Mfg. Co.*, 39 Mo. App. 264.
Even courts of equity will not relieve against a mis-
take of law. *Daily v. Jessup*, 72 Mo. 144 ; *Harney v.*

*Charles*, 45 Mo. 157; *The City of St. Louis v. Priest*, 88 Mo. 614.

*John T. Sturgis, M. E. Benton* and *N. C. Galle-more*, for respondents.

The parties contracted to measure the walls "in the usual manner of computing brick wall measure." This is by counting twenty-one brick to the square foot in thirteen-inch walls, and fourteen in nine-inch walls. R. S. 1889, sec. 8863; Laws, 1885, p. 198. This statute was enacted to cover just such a case as this; hence there was no error in excluding evidence as to customary measurement. Money paid under a mistake of fact can be recovered in an action at law. *Foster v. Kirby*, 31 Mo. 496, which was a case originating before a justice of the peace; *Davis v. Krum*, 12 Mo. App. 279; *Bank v. Allen*, 59 Mo. 310; *Harris v. Board of Ed.*, 3 Mo. App. 570; *Coal Co. v. Quade*, 28 Mo. App. 421; 3 Addison on Contract [Morgan's Ed.] sec. 1408; 1 Story on Contracts [4 Ed.] sec. 422; *Morrow v. Surber*, 97 Mo. 155.

THOMPSON, J.—This action was commenced before a justice of the peace to recover a sum of money, alleged to have been paid by the plaintiff to the defendant under a mistake of fact. On trial anew, in the circuit court, the plaintiffs amended their petition, so that the petition, upon which the cause was tried, read as follows:

"Plaintiffs state that on the —— day of —— 1889, they entered into a written contract, the original hereto attached, by which the defendant, W. W. Clark, agreed and did bind himself to build a certain brick house, located on an irregular tract of land in block numbered 4, Seneca proper, and the said plaintiffs did bind themselves to pay the said Clark the sum of $9 per thousand brick in said walls, to be measured according to the

Campbell v. Clark.

usual manner of measuring brick walls; and upon set-
tlement of said walls the said Clark did measure twenty-
two and one-half brick to the foot in thirteen-inch walls
and fifteen brick in nine-inch walls, and counted in all
openings as solid, and the rules and regulations of brick
masons in force at said settlement were twenty-one
brick to the foot in thirteen-inch walls and fourteen
brick to the foot in nine-inch walls, and all openings
were to be deducted. By reason of said false and
improper measurement, on which plaintiffs relied on
statement of defendant, plaintiffs paid defendant the
sum of $150 in excess of the amount justly due him;
wherefore the plaintiffs are damaged by the said over-
charge in the sum of $150, and they ask the court to
render judgment for plaintiffs in the sum of $150 and
all costs."

By the terms of the contract referred to in the peti-
tion, which was put in evidence by the plaintiffs, the
plaintiffs agreed to pay the defendant for burning the
brick, and laying them in the walls of the house, an
amount, "which shall be ascertained by computing the
said brick in the said wall or walls at the rate of $8.50 for
each and every thousand of bricks therein, to be ascer-
tained in the usual manner of computing brick wall
measure." The evidence adduced by the plaintiffs
tended to show that, when the walls were laid, which
the defendant contracted to lay, the plaintiffs and the
defendant met together and measured the walls by
counting twenty-two and one-half bricks to the foot in
the thirteen-inch walls, and fifteen bricks to the foot in
the nine-inch walls, and by counting all the openings
as solid masonry. Upon this basis the plaintiffs settled
with the defendant, and paid him what was due him
under the contract. Having submitted this evidence,
the plaintiffs rested.

The defendant offered to show, by witnesses compe-
tent to speak upon the subject, that there was a uni-
versal, certain and undisputed custom in southwest

Missouri, and in the county in which this transaction was had, to measure brick laid in the wall accordingly as this was measured. The court, on the objection of the plaintiffs, excluded this evidence, and the defendant excepted.

The court instructed the jury, in substance, that the walls should have been measured in accordance with the rules of measurement prescribed by the statute (R. S., sec. 8863), explaining to them what those rules were. The court gave another instruction to the jury, which authorized them to find for the plaintiffs, if they should find and believe that the settlement was made under a *mistake of fact* on the part of the plaintiffs. The court also refused an instruction, tendered by the defendant, to the effect that the plaintiffs could not recover, if they should find that the plaintiffs, with full knowledge of all the facts, paid the defendant's demand in ignorance of the law. The court also refused to instruct the jury, as prayed by the defendant, "that a mistake or ignorance of the parties, at the time of the settlement, as to the law of the state of Missouri regulating the measurement of brick walls by masons, does not constitute a mistake of fact."

The jury returned a verdict for the plaintiffs, upon which judgment was entered, and the defendant brings the case here by appeal, assigning for error, among other things, that, under the pleadings and evidence, there was nothing exhibited by the plaintiffs beyond a mere *mistake of law*, unmixed with any circumstance of fraud or imposition. We so interpret the pleadings and the evidence. The plaintiffs were merchants, and there is no evidence tending to indicate that they were not perfectly competent to make the settlement with the defendant which was made; but the evidence tends to show that they were perfectly competent so to do. There is no evidence of any kind tending to show any circumstance of fraud, concealment, imposition or undue influence, such as is necessary to mingle with a mistake

Campbell v. Clark.

of law, in order to take the case out of the general rule that a mistake of law affords no ground of relief, either at law or in equity.   In the absence of such attending circumstances, namely, fraud, imposition, undue influence and the like, the law in this state, as elsewhere, is that money paid with a full knowledge of the facts, but under a mistake of the law, cannot be recovered back. *Mutual Sav. Inst. v. Enslin*, 46 Mo. 200 ; *Wolfe v. Marshall*, 52 Mo. 167; *Union Sav. Ass'n v. Kehlor*, 7 Mo. App. 158 ; *Schell City v. Rumsey Mfg. Co.*, 39 Mo. App. 265 ; *Weinert v. Trendley*, 39 Mo. App. 333.   The rule with the limitations above stated, in so far as it relates to relief in equity, was recognized by this court in *Nelson v. Betts*, 21 Mo. App. 229.   The case of *Morrow v. Surber*, 97 Mo. 155, to which we have been referred by the respondent, is distinguishable upon the ground, that that was an action to recover *public moneys*, which had been improperly paid by the public custodian of such moneys ; and the courts proceeded in part at least upon the view, that the recipient of the moneys was bound to take notice of the law and of the limitations upon the authority of the public officer.

There can be no room for controversy in this case upon the question, that the mistake, if any, exhibited by the pleadings and the evidence of the plaintiffs, was a mistake of law, and not a mistake of fact.   By the terms of the contract the number of thousand bricks in the walls were "to be ascertained in the usual manner of computing brick wall measurement;" and the statement, upon which the cause was tried, does not even allege that they were not so ascertained.   Under the plaintiffs' pleading, and under this clause of the contract, it devolved upon them to prove that the measurement was *not* made " in the usual manner of computing brick wall measure."   They offered no evidence that the standard of measurement by which the walls were measured was *not* the usual standard, and the court refused to allow the defendant to prove that it *was*.

The plaintiffs, it will be perceived, failed to prove that the measurement was not in accordance with the terms of the contract, unless the language of the contract is to be interpreted as adopting the measurement of the statute. Assuming in their favor that it is to be so interpreted ( which we should not be prepared to concede, if we were called upon to go further in this case ), yet it does not follow that the over-payment, if any, which the plaintiffs made to the defendant, was made by them in consequence of any mistake as to an existing fact. The evidence is totally barren of any evidence of any mistake of fact. It tends to show nothing more than that the plaintiffs, at the time of making the measurement and settlement, overlooked the existence of the statute. It was, therefore, nakedly a mistake as to the statute law ; and a mistake of law, as above stated, affords no ground of relief either at law or in equity.

This view of the case renders it unnecessary for us to go further, and consider whether it was competent for the defendant to prove a custom contrary to the rule of measurement prescribed by the statute. We observe, however, that one section of the statute ( R. S., sec. 8861 ) allows parties to make their own rule of measurement by special agreement.

As the plaintiffs, in their pleadings and evidence, exhibited no right of action, the judgment will be reversed, but the cause will not be remanded. It is so ordered. All the judges concur.