# EDWARD W. CHILTON, Plaintiff in Error, v. WILLIAM A. HARRIS, Defendant in Error.

## Kansas City Court of Appeals, May 4, 1914.

1. **JUDICIAL SALE: Void Execution: Purchase: Sale Set Aside.** An execution was issued on a judgment wherein the plaintiff at the time of its issuance and levy was dead. The writ was levied upon real estate of the defendant which was sold by the sheriff and bought in by the plaintiff. Before the credit of the bid was made on the judgment and before any deed was made by the sheriff, on plaintiff's motion the execution sale was set aside and the writ quashed by the court on the ground that the writ was void. Afterwards plaintiff brought an action on the judgment and defendant set up the sale and purchase by plaintiff and claimed a credit, as a payment on the judgment, of the amount of plaintiff's bid. *Held*, that the rule of *caveat emptor* did not apply and that the sale was properly set aside and the credit of the bid properly disallowed.

2. **CAVEAT EMPTOR: Void Sales.** The rule of *caveat emptor* at all judicial sales is in force in Missouri; but it does not apply to sales which are void.

3. **———: Quitclaim Deed: Void Deed: Liability of Vendor.** A purchaser at a judicial sale must beware and has no protecting warranty, his purchase being like a purchase by quitclaim deed from an individual. But this does not apply to a void sale, and though one purchasing by quitclaim deed is not entitled to reimbursement if there be no title conveyed, yet he is entitled to a *valid* deed and if it be void he may have redress on *that* account.

4. **———: Mistake of Law: Independent Action.** There may be relief on account of the payment of money under mistake of fact, but not in an independent action, for mistake of law, if there is no fraud.

5. **———: ———: ———.** While one may not have a right of action for mistake of law, in an independent suit, yet if under a void execution sale he makes a purchase, he may go into court in *that* action and have relief.

Error to Cooper Circuit Court.—*Hon. G. A. Wurdeman*, Special Judge.

AFFIRMED.

*John Cosgrove* for plaintiff in error.

*W. G. & G. T. Pendleton* for defendant in error.

ELLISON, P. J.—This is an action on a judgment against defendant W. A. Harris rendered in favor of George E. Harris in the circuit court of Cooper county on the 29th of October, 1903 for $1739.29 and for the costs taxed at $29.70. George E. Harris assigned the judgment to this plaintiff. The trial court rendered judgment against defendant W. A. Harris and he appealed to this court.

It appears from defendant's answer, sustained by the evidence, that George E. Harris, as plaintiff in the original judgment, assigned it to this plaintiff to secure a lawyer's fee due from him, and that he afterwards died. That long after his death, to-wit, on the 4th of March, 1913, the attorney for this plaintff the assignee, and of the heirs of George E. Harris the assignor, and of the lawyer to whom the fee was due, ordered execution on the judgment and such writ was issued and delivered to the sheriff who levied it upon lands of the defendant. These lands were regularly sold by the sheriff for the purpose of satisfying the judgment, the attorney who ordered the execution, purchased all but one acre of the land for his clients for the sum of $1975 and that acre was purchased by a daughter and one of the heirs of the deceased George E. Harris for $150.

The attorney ordering the execution knew that George E. Harris was dead, but seems not to have realized until after the sale that no title to the lands could be conveyed by the sheriff on an execution in favor of and in the name of a dead man, when, in the name of his clients (this plaintiff as assignee and the daughter) and at the return term of the execution, he filed a joint motion to recall and quash the execution for the reason that it "was void and conveyed no

title'' to them.   The circuit court, after hearing the
motion, sustained it, and ordered the sheriff to refund
the $150 bid and paid by the daughter and found that
the attorney purchasing for his clients had not paid
any money, as they owned the judgment.   The parties
agreed that the execution was void.

Afterwards the present action was instituted on
the judgment as stated in the beginning and on the
facts shown defendant insists that the amount of the
bids at the execution sale should be credited on the
judgment and that judgment be rendered against him
for the balance only.

Plaintiff's position is that since he got no title at
the sheriff's sale on account of the execution being
void, he should be allowed to escape his purchase and
not credit his bid on the judgment.   While defendant
insists that as no fraud or unfairness is pretended,
and as plaintiff knew all the facts, and as his mistake
was only one of law, he must abide by his purchase
and credit his bid on the judgment.       .

It is commonly understood by the bar that the
rule *caveat emptor* applies to sheriffs' sales.   [Rorer
on Judicial Sales, Secs. 174, 476, 528, 603; Kleber
Void Jud. & Ex. Sales, Sec. 457; Stewart v. Derries, 81
Md. 525; Johnson v. Laybourn, 56 Minn. 332; Borders
v. Hodges, 154 Ill. 498.]   The questions presented un-
der this general rule are  interesting  but  unsettled.
Diversity in mode of considering them has led to
different conclusions.   Some courts have pronounced
the purchaser a mere ''volunteer'' in bidding and
paying his money; and consequently holding that he
must pay his bid, or if paid, that he cannot recover it
back.   [Home v. Nugent, 74 Miss. 102, 108.]   It has
been said that under the rule of *caveat emptor,* and as
a necessary result of it, ''the money produced at a
sheriff's sale is to be regarded, not as the money of
the purchaser, but as that of the defendant in the *fi. fa.*''
[Lowe v. Rawlins, 83 Ga. 320.]   Again it is held that

if a bidder at a sheriff's sale gets no title and makes it known *before* the sale is confirmed, he will be released. [Williams v. Glenn, 87 Ky. 87, 89.] Then we have in this State the well known case of Valles Heirs v. Fleming's Heirs, 29 Mo. 152, wherein it is held that a purchaser at an administration sale of land encumbered by a mortgage whose bid has been used to pay the mortgage debt will be subrogated to the rights of the mortgagee. And it has been held that the heirs will not be permitted to set aside an administration sale of real estate where the purchase money went to discharge debts of the estate, without refunding the purchase money. [Throckmorton v. Pence, 121 Mo. 50, 57; Davis v. Gaines, 104 U. S. 386.]

So in McLean v. Martin, 45 Mo. 393, where the sheriff by mistake misdescribed land as belonging to the execution creditor and so sold it to a purchaser who also supposed it was the debtor's; and the debtor, joining in the mistake, supposing his land had been sold surrendered possession to the purchaser who entered and made improvements, it was held, in an opinion by WAGNER, J., that the doctrine of *caveat emptor* did not apply to such a case.

But these cases have not been allowed to affect the full application of the rule in this State. Thus in Cashion v. Faina, 47 Mo. 133, it was held, the opinion also by Judge WAGNER, that at a partition sale by the sheriff there was no warranty and a purchaser must pay a note for his bid though he got no title. And in Schwartz v. Dryden, 25 Mo. 572 (the opinion being by the Judge who wrote Valles Heirs v. Flemings Heirs, supra) it was held that there could be no abatement of the price though there was no title to a part of the land sold. The same was held in Stephens v. Ells, 65 Mo. 456 and Shannon v. Mastin, 134 Mo. App. 50.

In Talley v. Schlatitz, 180 Mo. 231, 239, it is said that in a sale by the sheriff the owner of the land intends nothing, and that the law through its officer, the

sheriff, "acts in hostility to him," and that "the rule of *caveat emptor* applies to all execution sales." The same is decided in Clark v. Cooper, 148 Mo. App. 230 and McNamee v. Cole, 134 Mo. App. 266, 274.

Manifestly these cases announce a rule that a purchaser at execution sale in this State is in the position of him who receives a quit claim deed; he gets what he may and must pay the price. And this is the prevailing rule. [Peterborough Bank v. Pierce, 54 Neb. 712, 719; McCartney v. King, 25 Ala. 681; Goodbar v. Daniel, 88 Ala. 583; Lewark v. Carter, 117 Ind. 206; Lewdars v. Thomas, 35 Fla. 518; Smith v. Painter, 5 Serg. & Rawle 223.] In the last of these cases it was said: "The sale by sheriff excludes all warranty; the purchaser takes all risks; he buys on his own knowledge and judgment; *caveat emptor* applies, in all its force, to him. If this were not the law, an execution, which is the end of the law, would only be the commencement of a new controversy; the creditor kept at bay during a series of suits, before he could reap the fruits of his judgment and execution. A party may sell his claim to lands, whatever they may be; and if there is no covenant other than an express stipulation that he sells only his own interest, unless he has been guilty of some misrepresentation as to the intent or some fraudulent concealment, he may recover the purchase money. Lands, at sheriff's sale, are frequently sold greatly below their value, because the usual understanding is, that the purchaser takes his chance of the title."

The foregoing rule presupposes that no fraud is practiced; and in some jurisdictions mistake of fact, especially if it be mutual, will relieve the purchaser. But if that rule be conceded to exist in this State, it would not apply to this case, since here the fact which made the execution void (the death of the plaintiff) was known to the purchaser; the mistake he made in supposing the execution to be valid, was one of law,

and a mistake of law by a purchaser at an execution sale will not relieve him. [Burns v. Hamilton, 33 Ala. 210; Arnold v. Donaldson, 46 Ohio St. 73, 81.] "Even courts of equity will not relieve in an independent action, from a mistake of law where it is not accompanied with special circumstances—such as misrepresentation, undue influence, or misplaced confidence. And courts of law are less indulgent than courts of equity in such case. 'It is well settled,' says Greenleaf, after speaking of the recovery of money paid under mistake of facts, 'that money paid under a mistake or ignorance of law of our own country but with a knowledge of the facts, or the means of such knowledge, cannot be recovered back.'" [Boggs v. Hargrove, 16 Cal. 559, 565.] This is illustrated in this State. Thus in Needles v. Burk, 81 Mo. 569, it was held that a father paying damages caused by his infant son setting out a fire under a mistaken belief that he was legally liable, in the absence of fraud, could not recover the money back. In Couch v. Kansas City, 127 Mo. 137, the plaintiff paid taxes on property in extended city limits, under the mistake that the extension was valid and it was held he could not recover them back. See also Campbell v. Clark, 44 Mo. App. 249, where the question is discussed by the St. Louis Court of Appeals.

But it has been held that the rule *caveat emptor* will not apply where the judgment or execution is *void* and consequently no power of sale exists. [McGee v. Wallis, 57 Miss. 638, 646; Howard v. North, 5 Tex. 290, 315; Dufour v. Camfranc, 11 Martin 607; Bailey v. White, 13 Tex. 114; Burns v. Ledbetter, 54 Tex. 374, 382; S. C. 56 Tex. 282, 284; Dutcher v. Hobby, 86 Georgia 198.] In Bailey v. White, just cited, the court said that "Where a sale has been made on an invalid execution, issued on a valid judgment, and the money paid has been applied to the satisfaction of the judgment and there has been no fraud, the purchaser

will not be compelled to restore the property purchased until reimbursed the amount paid by him."
That case was affirmed in 54 Tex. 374, supra, where the purchaser was not a party to the suit. But in 56 Tex. l. c. 285 supra, it is held that if such party should have himself purchased, either by himself, or through his attorney and thereby apparently satisfied the judgment without any gain to himself or loss to the defendant, "he could on motion have had the satisfaction set aside, or have maintained an action on the judgment as unsatisfied."

The question was discussed by Mr. Justice FIELD, then Ch. J. of the Supreme Court of California, in Boggs v. Hargrove, 16 Cal. 559, l. c. 564, where the conclusion is reached that the rule of *caveat emptor* does not apply to *void* sales. We have already shown that it was held in that case that a purchaser at an invalid execution sale knowing the facts, could not be aided either in law or equity in an *independent* action. But the conclusion was reached (Ps. 565, 566) that he was entitled to relief in the suit in which the sale was made, provided there is a timely application and no prejudice to the rights of others exists.

So therefore, while recognizing that the rule of *caveat emptor* is in full force in this State and the rule that our courts will not grant relief for mistake of law, yet we think the foregoing considerations justify us in holding that the former does not apply where the sale is void; and the latter does not apply where such is the character of the sale and relief from the purchase is sought in the action out of which the sale grew. In so holding we are not disturbing that array of authority which likens a sale *caveat emptor* to a conveyance by quitclaim deed. For while the vendee in a quitclaim deed must beware and will receive no reimbursement if he gets nothing, yet he is entitled to a *valid* quit-

claim, and if for any reason it is a void instrument, he may go upon his vendor on *that* account.

We are aware of the embarrassments that may at times, flow from this view. There are instances when the question whether a judgment, or an execution, is void, is difficult to determine; the plaintiff in the writ may think it valid the defendant may think it void and a speculative purchaser may be doubtful and willing to take the risk by bidding the amount of the debt. In Valles Heirs v. Flemings Heirs, 29 Mo. 152 supra, where, as has been stated above, the purchase money of the bidder at an invalid administration sale went to discharge a mortgage, and it was held the owner could not maintain an action for the land, thus freed of the mortgage, without refunding the purchase money, yet, even in that character of case, Judge SCOTT dissented, stating that such view "may work changes in our system which no one can foresee." And in Burns v. Ledbetter, 56 Tex. 282 supra, the decision that a purchaser at an invalid execution sale whose bid had been applied to discharge the judgment, was entitled to have it refunded, was acquiesced in by STAYTON, J., on the ground of *stare decisis*. He said, "Were the question an open one in this court, I am of the opinion that it would be a better rule to deny relief to a mere volunteer who purchases at an execution or judicial sale, under the facts presented in this and similar causes."

In Frost v. Atwood, 73 Mich. 67, 73, the right of a volunteer purchaser to reimbursement is repudiated altogether. The court said that, "Every one is bound to satisfy himself of the authority under which a judicial sale is made, and buys at his peril. It would be a contradiction in terms to hold a sale void for want of authority to make it, and yet valid enough to create a lien for the purchase money. Where individuals sell their own lands and receive pay for them, there can be no want of authority and the question is only one of title. But a sale made by quitclaim deed, without cove-

nants, and without fraud or misrepresentation, does not entitle the purchaser to reclaim his money. This bill is an attempt not only to give to a void probate sale the effect of a warranty deed, but to go further, and bind the land itself, which was sold without right, for its repayment.''

There is no doubt that some courts, without expressly stating it, have allowed to execution sales the force of a warranty, when none was given, or could have been given by the officer, except on his personal responsibility; and thus, it seems to us, have unwittingly put the bidder in as good position as if he had purchased from an individual with warranty.

We have no disposition to criticise that line of cases in this State holding that the purchase money at invalid judicial sales which went to discharge a lien on the lands of an estate should be refunded by the heir as a condition to his right to recover such lands, as in Valles Heirs v. Flemings Heirs and Throckmorton v. Pence, supra, or where there has been an innocent mutual mistake of fact, as in McClean v. Martin, supra. Our holding here is that while the rule of *caveat emptor* at execution sales is in force in this State, it does not apply to cases where the writ is void; in such instances the purchaser, whether he be the plaintiff in the writ or his attorney, or a third party, may go into court in that case and be relieved of his purchase. We have already seen that the purchaser in the case at bar, did seek and obtain relief in the court which had rendered the judgment and issued the execution.

If this case presented an instance in which defendant was claiming the sale to be void, and yet insisting that the price bid should be credited on the judgment, he perhaps, would not be allowed such inconsistent position (Kleber Void Judicial & Ex. Sales Secs. 393, 374, 475; Rorer Judicial Sales sec. 190). But that character of case is not presented by the record and hence

we pass it by. We have not discussed Bailey v. Buchanan, 126 Mo. App. 190, cited by plaintiff, since we consider it not applicable on the facts.

The judgment is affirmed. All concur.