MAEDER, Respondent, v. CITY OF CARONDELET, Appellant.

1. Although a covenant for quiet enjoyment is implied from the word "de-
   mise" in a lease, this implication will not be raised where it is expressly
   stipulated in the lease that nothing therein contained shall be construed to
   imply a covenant for quiet enjoyment.
2. Prior to the revision of 1845 there was no statute in this state limiting the
   time within which actions of covenant might be brought.

*Appeal from St. Louis Land Court.*

This was an action by Maeder against the City of Caron-
delet commenced February 5, 1855.   On the 8th of August,
1843, Carondelet made a lease of a lot in Carondelet com-
mon to John Maeder.   This lease contained the words
" grant, demise and to farm let," &c.   The lease also con-

tained the following stipulation : " And it is, further cove-nanted and agreed by and between the parties aforesaid, their successors in office or legal representatives, that nothing herein contained shall be construed to imply a covenant of quiet enjoyment on the part of the said parties of the first part, and their successors, to and with the said party of the second part and his legal representatives."   By lease dated December 14, 1843, Carondelet leased said tract to Auguste Gamache, senior.   This lease was recorded May 24, 1851.

The defendant, in her answer, denied the delivery to plaintiff of the lease dated August 8, 1843 ; and admitted the execution of the second lease, the one to Gamache.   The defendant also set up the statute of limitations ; that there was no covenant of quiet enjoyment in the lease dated August 8, 1843.

On the motion of the plaintiff the court instructed the jury as follows : " If the jury find from the evidence that the defendant made a lease to plaintiff in August, 1843, for the premises in question, and that the defendant, in December, 1843, made another lease for the same premises to one Gamache without the assent of the plaintiff, and that Gamache took possession of the premises and caused his lease to be recorded so as to divest the right of plaintiff under the said lease to him, then the plaintiff is entitled to recover the value of the said leasehold interest at the time of the said lease to Gamache and the entry of Gamache thereunder." .

The court, on the motion of defendant, instructed the jury as follows : " 1. If the jury believe from the evidence that the cause of action did not accrue within ten years before the time of the commencement of this suit, the plaintiff is not entitled to recover.   2. The plaintiff's right of action, if any, accrued on the 16th day of December, 1843."

Other instructions were asked on both sides and refused by the court.   The jury found a verdict for the plaintiff.

*Casselberry*, for appellant.

*Primm*, for respondent.

Scott, Judge, delivered the opinion of the court.

The evidence on the trial shows that no fraud was intended in the transaction between Gamache and the City of Carondelet. The lease to Gamache was relatively at a much lower rent than that made to the plaintiff, and was not recorded until the 24th of May, 1851, a period of seven years and some months. Had there been any design to defraud the plaintiff by the execution of the lease to Gamache, such lease would have been immediately put upon record ; as until that was done, no injury from the second lease could have resulted to the plaintiff, as he might at any time during the period just mentioned have put his lease upon record and thereby have retained his priority to Gamache. These observations are not made with a view to convey the idea that there must have been an intention on the part of the defendant to defraud in order to entitle the plaintiff to an action for a breach of the covenant for quiet enjoyment in making a second lease for a lot that had been previously conveyed.

It is said that the covenant for quiet enjoyment does not extend to evictions under rights which are acquired subsequently to the conveyance ; as, for instance, by the location of a town way. Hence the petition must allege the adverse right as existing at or before the time of the grant. But this only means that the title, on which the eviction is had, must not be derived from the covenantee himself. Hence if a conveyance is made to one, and afterwards a conveyance is made to another of the same land and no mention made of the first deed, and the second is first recorded, the grantor is held liable to the grantee in the first deed upon the warranty therein contained. (2 Hilliard upon Real Property, 375 ; Curtis v. Deering, 12 Maine, 499.) So it is said in Sugden (2 Sugden on Pow. 84) that where the covenantor himself does any act asserting a title, it will be a breach of the covenant, although he covenanted against lawful disturbances only, and the act done by him was tortious and might be the subject of an action of trespass.

Maeder v. City of Carondelet.

What has been said is on the supposition that there is a covenant of warranty or for quiet enjoyment in the instrument of conveyance. There is no doubt that the word "demise," in a lease, raises an implied covenant for quiet enjoyment on the part of the lessor. But it is not easy to see how this covenant can be implied when it is expressly stipulated in the lease that nothing therein contained shall be construed to imply a covenant for quiet enjoyment. The insertion of this clause is tantamount to a declaration that there shall be no implied covenant in the lease. If there is no covenant express or implied in a lease, there is none growing out of the simple relation of landlord and tenant. (Vanderstyen v. Witham; 6 Mees. & Wels. 456.) There is nothing unusual in taking a lease without covenants. A tenant without covenants would have the same redress against his landlord for illegal acts that he would have against strangers, and moreover would be entitled to all those defences which the law allows to tenants in actions for the non-payment of rent which grow out of an eviction or the wrongful acts of landlords. There is nothing in the terms of this lease which should incline us to the opinion that there was a covenant in it in the teeth of its very language; on the contrary, they are such as should induce the belief that no covenant whatever was intended.

If it should be urged that the word *demise* imports not only a covenant for quiet enjoyment, but also one for power to create the term, and that the effect of the word being limited only so as to take away an action for breach of the covenant for quiet enjoyment, an action for want of authority to convey may still be maintained, it may be answered that this is no action for a breach of any such covenant, and the facts show that at the time of the deed to the plaintiff there was authority in the lessor to create the term. (Gilbert v. Buckley, 5 Conn. 262.)

We do not see what the statute of limitations has to do with this case. Prior to the revision of 1845 there was no limitation in this state to an action of covenant. The six-

teenth section of article third of the act prescribing the times of commencing actions provides that the action of covenant must accrue after the taking effect of that act, in order to be affected by its provisions. (R. C. 1845, p. 721.)

We do not consider that we are required in this action to determine whether the facts of this case entitle the plaintiff to any or what relief. The judgment is reversed. (See R. C. 1835, p. 180, art. 3, sec. 30.)