KOKEN IRON WORKS, Appellant, v. JAMES R. KIN-EALY et al., Respondents.

### St. Louis Court of Appeals, December 4, 1900.

1. **Tenancy from Month to Month: ORAL CONTRACT TO PAY RENT: STATUTORY CONSTRUCTION: NOTICE.** An oral contract on the part of tenant to pay rent during the continuance of his tenancy is within the express terms of the statute making such unwritten agreement tenancies from month to month, and only terminable upon one month's notice in writing. (R. S. 1899, sec. 4110).

2. **Trustee: CONTRACTS IN NAME OF TRUSTEE: PERSONAL LIABILITY OF TRUSTEE.** If a trustee contracting for the benefit of a trust, wants to protect himself from individual liability on the contract, he must stipulate that he is not to be personally responsible, but that the other party is to look solely to the trust estate, otherwise he will be liable, although he contracts as trustee.

Appeal from the St. Louis City Circuit Court.—*Hon. Jacob Klein,* Judge.

REVERSED AND REMANDED.

*John F. Green* for appellant.

(1) By virtue of the oral agreement between plaintiff

and defendant in reference to the occupation of these premises, entered into after the execution of the deed of trust to de-fendant, and by virtue of defendant's continued occupation and use of the premises for eight months thereafter, with the consent of plaintiff, and of his payment to plaintiff of forty dollars per month as rent therefor, defendant became a tenant of plaintiff. Wilkinson v. Wilkinson, 62 Mo. App. 249; Taylor's Landlord and Tenant, sec. 19; Wood's Landlord and Tenant, secs. 1, 2, 3 and 4; Pierce v. Rollins, 60 Mo. App. 504; Thompson v. Sanborn, 52 Mich. 141. (2) The tenancy thus created between plaintiff and defendant by this verbal agreement or understanding was a tenancy from month to month, at a monthly rental of forty dollars, and it could be terminated only by giving one month's notice in writing. R. S. 1899, sec. 4110; Withnell v. Petzold, 104 Mo. 409; Combs v. Midland Trans. Co., 58 Mo. App. 112. (3) It has been held that the trustee can create no charge upon the trust estate, and that the creditor must look to him personally for payment, and can not resort to the trust estate to enforce his demands, and such is perhaps the better rule, the reason being that the trustee is protected from loss by his lien for reimbursement. See 27 Am. and Eng. Ency. of Law, p. 128.

*Wm. B. Kinealy* for respondent.

Appellant's instructions were properly refused. White v. Thomas, 75 Mo. 454; Thompson v. Massey, 76 Mo. App. 205. The appellant, having asked no instruction on the theory of an oral letting to respondent, the finding of the court in favor of the defendant is conclusive. Daudt v. Keen, 124 Mo. 105; Irwin v. Woodmansee, 104 Mo. 403; Barnes v. Glover, 68 Mo. App. 571. Appellant argues the case here on one theory, having tried it in the court below on an entirely

different one. This it will not be permitted to do. Walker v. Owen, 79 Mo. 563; Naylor v. Cox, 114 Mo. 232; Seckinger v. Philibert, etc., Co., 129 Mo. 590.

BOND, J.—This is a landlord's summons for the recovery of two months' rent of certain premises in this city at the rate of $40 per month, begun before one justice, taken by a change of venue to another, and carried by appeal from his decision to the circuit court, where it was shown on a trial *de novo* that plaintiff, the owner of the premises, had leased them in 1895 to the Grant Quarry Company for an indefinite period at a monthly rental of $40, the lease providing that it might be terminated by either party upon three months' written notice; that on June 8, 1898, the lessees, the Grant Quarry Company, executed a deed of trust upon their assets, not including therein this leasehold interest, to defendant as trustee for certain creditors; that much of the property so conveyed was situated on the premises in question, which was at once taken possession of by defendant; that thereafter an interview between him and the secretary of the plaintiff corporation was had, wherein defendant stated to such secretary that *"as long as he (defendant) was in there as trustee, the rent would be paid promptly;"* that in pursuance of this agreement defendant paid rent for said premises at the rate of $40 per month from June 8, 1898, until February 28, 1899, by checks signed "James R. Kinealy, Trustee;" that defendant disposed of the assets of the trust estate which he had kept on said premises, on February 17, 1899, to third parties, to whom he agreed to repay the expense incurred in removing the assets so purchased; that defendant gave no notice of his intention to terminate his tenancy and that the purchasers from him retained possession thereof, until May, 1899, when they delivered the premises to plaintiff; that the rent of said premises for March

and April has never been paid by any one to plaintiff. It was further shown that the lease under which the grantor of defendant held the premises in question was never assigned or transferred to defendant.·

The case was tried before the circuit judge, sitting as a jury, who rendered judgment for defendant, from which plaintiff has appealed to this court, and assigns for error the refusal of certain declarations of law requested by it, the first being that under the pleadings and evidence it was entitled to recover from defendant $80 as the unpaid rent for the months of March and April, 1899.

This record presents only two questions for decision. First, was there an oral contract between plaintiff and defendant for the future occupancy of the premises after the defendant went into possession thereof as trustee? Secondly, if so, was this contract the personal engagement of the defendant? It is expressly admitted by defendant that the previous lease of his grantor was never assigned or assumed by him. This being so, how did defendant continue in the possession of the premises? This question is answered by his direct admission that he did so upon an oral promise to pay the rent therefor as long as he retained possession as trustee, which agreement plaintiff accepted and defendant acted out for eight months, by paying each month the stipulated rent, $40. It is not even claimed that this obligation and performance grew out of the written lease. From what other source then did it spring? There was only one, the oral agreement of defendant to pay the rent promptly during the continuance of his possession as trustee. This is too clear for further discussion. As his contract to pay was simply an oral one, it was therefore within the express terms of the statute making such *unwritten* agreements tenancies from month to month, and only terminable upon one month's notice in

writing. R. S. 1899, sec. 4110; Withnell v. Petzold, 104 Mo. 409; Combs v. Midland Trans. Co., 58 Mo. App. 112. We hold that the admitted facts in this record disclose that there was an oral letting by plaintiff to defendant with all of its statutory incidents.

The next question is, was defendant personally bound by this oral agreement. To determine this it is proper to look to the language which he admits he used when making it. The language so used by him was, to-wit: *"that as long as he was in there as trustee, the rent would be paid promptly."* these words do not exclude personal responsibility for the contract which they formed when assented to by plaintiff and carried out by the parties. They only stated in effect that defendant while holding possession of the premises for the purposes of a trust devolved on him, would promptly pay the rent. By no construction can they be made to signify that he would not pay the rent himself, but the trust estate alone would respond thereto. Such is not the meaning of the terms. The engagement of respondent was not one of agency, for the trust estate being neither a natural nor artificial person could not be a principal, and there can be no agent without a principal. He was merely a trustee invested with property for the benefit of others. As to his power to contract in that relation the Supreme Court of the United States has declared: "When a trustee contracts as such, unless he is bound no one is bound, for he has no principal. The trust estate can not promise; the contract is therefore the personal undertaking of the trustee. As a trustee holds the estate, although only with the power and for the purpose of managing it, he is personally bound by the contracts he makes as trustee, even when designating himself as such. The mere use by the promisor of the name of trustee or any other name of office or employment will not discharge him. Of course, when a trustee acts in good

faith, for the benefit of the trust, he is entitled to indemnify himself for his engagements out of the estate in his hands, and for this purpose a credit for his expenditures will be allowed in his accounts by the court having jurisdiction thereof.

"If a trustee contracting for the benefit of a trust, wants to protect himself from individual liability on the contract, he must stipulate that he is not to be personally responsible, but that the other party is to look solely to the trust estate." Taylor v. Davis, 110 U. S. 335. The same doctrine is applicable to the species of trust devolved on personal representatives. Yeakle v. Priest, 61 Mo. App. 47, and cases cited. It is evident under the rule announced in the case first cited that the contract of respondent was obligatory on him personally, and that he became appellant's tenant from month to month by virtue of the verbal character of their agreement, and that not having terminated the tenancy as required by law before the lapse of two months sued for, a judgment should have been rendered against him for the unpaid rent which accrued during that time. The learned circuit judge therefore erred in refusing the declaration of law to this effect requested by appellant, wherefore the judgment herein is reversed and the cause remanded, with directions to render judgment for plaintiff for the amount of rent due and unpaid for the months of March and April, 1899.

Judge *Bland* concurs; Judge *Biggs* dissents.