S. H. SHANNON, Respondent, v. R. F. MASTIN et al., Trustees, Appellants.

Kansas City Court of Appeals, December 7, 1908.

1. COVENANTS: Lease: Assignment: Liability. The trustees of a dissolved mining corporation appointed under order of court, assigned a mining lease found among its assets covenanting that "they have a good right and lawful authority to sell and assign the same in the manner aforesaid." *Held*, though private trustees may bind themselves personally by implication, yet such implication does not arise in the case of a trustee who is the arm of the court and the rule of *caveat emptor* applied and the burden is upon the purchaser to show that the trustee intended and did make himself liable personally.

2.  ———: ———: ———: ———: **Right to Convey.**  *Held,*
further, the covenant is not susceptible of a meaning of "good
right to convey," but is no more than an assurance of their
official character or due appointment and authority.

3. ———: ———: ———: ———: **Trustees.**  *Held,* further,
that the assignment did not bind the assignors as trustees so
as to render the assets of the corporation liable, as the trans-
action was more in the nature of a sale by an administrator;
and the purchaser is understood to buy such estate as the
corporation had to sell.

4. ———: ———: ———: **Implication.**  In a lease covenants
may be implied against the lessor from the use of certain
words, but the assignment by the lessee to a third party car-
ries no covenants by implication.

Appeal    from    Cass    Circuit    Court.—*Hon. Nick M.
Bradley,* Judge.

REVERSED.

*Allen Glenn* and *C. W. Sloan* for appellants.

The petition stated no facts constituting a cause
of action and objection to any evidence should have
been sustained. (1) There was no allegation of fraud
or mistake of fact in making assignment by defendant
trustees declared on. Insurance Co. v. Landis, 50 Mo.
App. 116; Gilmore v. Cook, 33 Mo. 25; Tiedeman, Real
Property, sec. 781; Armstrong v. Winfrey, 61 Mo. 354;
German v. Gilbert, 83 Mo. App. 411; Chenoweth v. Ex-
press Co., 93 Mo. App. 193; Forbs v. Railroad, 107 Mo.
App. 662; Banking Co. v. Fink, 95 Mo. App. 257. (2)
The assignment declared on was a mere quitclaim of
assignors interest and contained no warranty of title.
See last authorities. Cashion v. Faina, 47 Mo. 133;
Stephens v. Ellis, 65 Mo. 460; Brawford v. Wolfe, 103
Mo. 397; Wilson v. Fisher, 172 Mo. 19; Mann v. Best,
62 Mo. 491; Martindale on Covenants for Title, 123.
(3) Petition showed defendant trustees had power to
assign the interest of the corporation—the Belton Oil
& Mining Co.—(secs. 976, 980, R. S. 1899) and that

plaintiff was charged with full notice of the rights assigned in fact, and of record. See last authorities cited. Throckmorton v. Pence, 121 Mo. 57; Estes v. Alexander, 90 Mo. 463; Loring v. Groomer, 110 Mo. 641; Burke v. Brown, 148 Mo. 309; Foley v. Boulware, 86 Mo. App. 682. (4) The assignment gave full notice and the means of information as to rights and interests assigned and plaintiff bought at his peril. Loring v. Groomer, 110 Mo. 632; 3 Ballard, Real Prop., sec. 425; Norton v. Taylor (Neb.), 53 N. W. 481; Booram v. Tucker, 51 N. J. Eq. 135; Tarr v. Robinson, 158 Pa. St. 601; 2 Jones, Real Prop., secs. 1548, 1550; Hagerman v. Hutton, 91 Mo. 533; Brown v. Mining Co., 194 Mo. 701; Anderson v. McPike, 86 Mo. 300; Cornwall v. Real Estate Co., 150 Mo. 377. (5) If plaintiff paid out money under mistake of law as to meaning of alleged words of "lawful right to convey" he is without remedy to recover same back. Insurance Co. v. Enslin, 46 Mo. 202; Campbell v. Clark, 44 Mo. 253; Brown v. Frazier, 71 Mo. 563; State ex rel. v. Stonestreet, 92 Mo. App. 215; State ex rel. v. Ewing, 116 Mo. 129; Same v. Shipman, 125 Mo. 436; Armstrong v. Winfrey, 61 Mo. 354; Scott v. Leftwich, 145 Mo. 34; Corbin v. Adair Co., 171 Mo. 389; Hitchcock v. Crawford Co., 200 Mo. 177. (6) There are no facts stated in petition showing that defendants Mastin, Jerard and Goodbar are individually liable. Hustin v. Tyler, 140 Mo. 252; Hotel Co. v. Furniture Co., 73 Mo. App. 135; Mechem on Agency, secs. 554, 555; Thompson Payne & Co. v. Irvin Allen & Co., 76 Mo. App. 418; Emery Bird Thayer Co. v. Coomer, 87 Mo. App. 404.

*Buckner & Houston* for respondent.

(1) Covenant of good right to convey is of the same import as the covenant of seizin, and measure of damages for a breach is the consideration paid with interest. 8 Am. and Eng. Ency. of Law, p. 187; Mitchell

v. Hazen, 4 Conn. 516, 10 Am. Dec. 169; Marston v. Hobbs, 2 Mass. 433, 3 Am. Dec. 61; Bickford v. Page, 2 Mass. 455; Willard v. Twitchell, 1 N. H. 177; Willson v. Willson, 25 N. H. 233, 57 Am. Dec. 320.

ELLISON, J.—This is an action on a covenant in an assignment of a lease. The judgment in the trial court was for the plaintiff.

Edward Coultier was the owner of a tract of land thought to have gas and oil beneath the surface. He and his wife executed under seal a paper which is called a "permit" to the Belton Oil and Mining Company, permitting that company to drill for gas or oil or mineral, for one dollar and certain royalties. Afterwards the defendants Mastin, Goodbar and Jerard were appointed trustees of the Oil Company by the circuit court in a proceeding for that purpose instituted to dissolve the corporation. [R. S. 1899, secs. 976-980.] This permit was found by the trustees among the company's assets. Thereafter they executed an assignment of it to this plaintiff.

Afterwards Coultier, considering that he had grounds to forfeit the lease or permit, brought an action for its forfeiture against these defendants and this plaintiff. All of them were served with process but this plaintiff did not appear. The defendants appeared and filed an answer setting up that they had assigned the lease to this plaintiff (their codefendant in that case) and that they had no further interest in it. They were discharged with their costs. Judgment was rendered forfeiting the lease.

After the beginning of that action by Coultier, but before judgment, the plaintiff began this action for breach of the covenant, alleging the price he paid as his damages. The original petition was against these defendants as trustees only; the amended petition made them also defendants in their individual capacity. At the trial the record and judgment in the case annulling

the lease, occurring since the original petition was filed, was introduced in evidence; and after the close of the case the amended petition was amended so as to plead that judgment of forfeiture.

1. It is clear to us that plaintiff, in basing his action on the covenant, has misconceived its meaning. The words employed to express this part of the contract of assignment are that "they covenant with the said party of the second part, that they have a good right and lawful authority to sell and assign the same in manner aforesaid." Plaintiff construes this to be the technical covenant in conveyancing of "right to convey," and that, as such covenant, it is of the same import as a covenant of seizin or of title. He then goes one step further and says that it being the covenant of trustees without affirmatively limiting its binding force to them as such trustees only, they are individually liable. He cites in support of the individual liability when the contract with trustees fails to limit their liability, the cases of Koken Iron Works v. Kinealy, 86 Mo. App. 199; Taylor v. Mayo, 110 U. S. 335.

In construing the contract it is proper to consider the capacity in which it was made as well as for whom it was made. These defendants are not private trustees. They are mere instruments of the court in which the affairs of the corporation were being administered and if we call them either ministerial or fiduciary trustees, they are not owners of the property and they made no pretense of conveying or assigning anything of their own. It is quite true that, generally, an ordinary trustee, although describing himself as such and who signs as trustee, will nevertheless be bound personally unless he limit the contract so as to exclude himself personally, the official designation being held to be mere words of description. [Koken Iron Works v. Kinealy, supra; Taylor v. Davis, supra.] But this is not so with that large class of trustees who are but the arm of a court in the exercise of a power in which

they have no personal interest. In such cases the rule is the reverse of that just stated, and to be bound personally the contract must so express it,—the law being that a covenant arising from the use of certain words will not be implied against him, though the same words used between individuals would be regarded as a covenant by implication. Thus the words "grant and demise" in a lease by an officer or agent of the law do not raise against such character of trustee a covenant by implication, though they do with individuals. [Webster v. Conley, 46 Ill. 13.] Nor do the words "grant, bargain and sell" impose a personal covenant on an administrator. [Shontz v. Brown, 27 Pa. St. 123, 134; Dow v. Lewis, 4 Gray 468.] The rule in such case is *caveat emptor* and the burden is cast upon the purchaser. [Maupin on Marketable Titles (top page) 132, 153, 157.]

It is not meant to say that such character of trustee cannot enter into a personal covenant in dealing with the trust property, for that he may do (Barnard v. Duncan, 38 Mo. 170, 183), but the contract must show an intention to do so and dependence should not be placed on implications.

By keeping in view the foregoing considerations we are better prepared to ascertain the true intent and meaning of the covenant upon which plaintiff bases his claim against defendants. First, we will assume, for the moment, that the words of the covenant are the same as if the technical words "good right to convey" had been used. The latter expression in covenants in a deed is generally the same as a covenant of seizin, though sometimes of even wider significance. Yet, considering the official character of these defendants, and for whom they were acting, it is clear, in the light of the foregoing authorities, that a personal covenant cannot be made out.

2. But, in reality, the words of the covenant are not susceptible of meaning "good right to convey." The

covenant appears to be no more than an assurance of their official character, of their due appointment and authority. They covenant that they have lawful authority to sell the lease "in the manner aforesaid," that is, as stated in the preceding part of the assignment. And so besides having, at the outset, described themselves as trustees of the corporation dissolved by order of the court of Cass county, they sign as "Trustees of the stockholders of the Belton Oil and Mining Company, by order of the court of Cass county, Mo." It is manifest that there was no other intention than this. And while a covenant or agreement that they were trustees, as they represented themselves to be, might have been implied without being so stated, yet they have chosen to give express assurance to that effect. That and nothing more was intended.

3.   Having concluded that there is no individual liability on the part of the defendants, it remains to be seen whether there is a case against them as trustees, or, in other words, whether the corporation, thus dissolved, is liable in a case of this kind. We have concluded that it is not. It was a sale or assignment of the lease without warranty and the purchaser or assignee purchased at his peril.  Such assignment may well be likened to a sale by an administrator.  A dissolved corporation which is being administered in court may be likened to a deceased individual whose estate is being so administered.  In the latter, a purchaser of assets is understood to buy only what the estate has to sell.  [Throckmorton v. Pence, 121 Mo. 50, 57; Estes v. Alexander, 90 Mo. 453.]  Sheriff's sales, sales in bankruptcy, etc., do not carry with them a warranty of title, and the rule of *caveat emptor* applies.  [Cashion v. Faina, 47 Mo. 133; Stephens v. Ells, 65 Mo. 456.]

4.   Another and distinct view determines this branch of the case against the plaintiff. The assignment was made by a lessee to an assignee. The law is that while in a lease by an original lessor covenants may

be implied as against such lessor, from the use of certain words in conveyancing; yet when the lessee himself becomes an assignor of the lease to a third person, no covenants by implication can arise. [Blair v. Rankin, 11 Mo. 440; Waldo v. Hall, 14 Mass. 486.]

There was, therefore, no covenant made by these defendants as trustees. And having already shown that there was no covenants made by them as individuals, it follows that plaintiff is without a right to maintain this action against defendants as trustees or as individuals, and the judgment must be reversed. All concur.