## BEST et al. v. CROWN DRUG CO.
### No. 13213.

Circuit Court of Appeals, Eighth Circuit.

April 11, 1946.

Reed O. Gentry, of Kansas City, Mo. (Clay C. Rogers and Mosman, Rogers, Bell & Conrad, all of Kansas City, Mo., on the brief), for appellants.

Harry I. Schwimmer, of Kansas City, Mo. (Robert B. Vaughan and Schwimmer, Keating & Vaughan, all of Kansas City, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This action was instituted in the Circuit Court of Jackson County, Missouri, by George H. Best and Louis E. Amberg, trustees under the will of Phoebe B. Buchler, deceased, against the Crown Drug Company, a corporation, for damages for breach of an alleged covenant of quiet enjoyment of leased premises. The action was removed to the Federal court on ground of diversity of citizenship and jurisdictional amount involved, and from a judgment dismissing the petition on the ground that it failed to state a cause of action the plaintiffs appeal.

The petition and attached exhibits disclose that the owner of the realty involved herein executed a lease of the property to defendant for a five year term "from and after the first day of November, 1930." The lease granted defendant an option of an additional ten year period "from November 1, 1935 to November 1, 1945," and this option was subsequently exercised by defendant. On May 31, 1938, defendant executed an agreement by which the premises were transferred to the Karo Shoe Company for a term "ending with the 31st day of October 1945", and on June 5, 1941, Karo Shoe Company executed a similar instrument by which the premises were transferred to plaintiffs [1] for a term "ending with the 31st day of October, 1945." The defendant consented to the agreement between Karo and plaintiffs but did not become a party to it nor assume any obligations thereunder.

At the time of the original lease to defendant there was an incumbrance on the premises in the form of a recorded trust deed and as a result of foreclosure thereof the plaintiffs were evicted from the premises on September 30, 1944. The plaintiffs contend that there was an implied covenant of quiet enjoyment of the premises in the agreement between defendant and Karo and

that defendant is liable to plaintiffs, as assignees of Karo, for breach of the implied covenant.

The agreement between defendant and Karo and the agreement between Karo and plaintiffs each contained the following paragraph: "In the event taxes and/or the interest on any encumbrance against the property of which the demised premises form a part and to which encumbrance this lease is subordinate, shall not have been paid at the time the same become due and payable, the Lessee hereunder is hereby authorized but not obligated, to pay same and charge the amount so paid against the rents accruing under this lease and such payment of taxes and/or interest shall in every respect have the same effect as though the amount thereof had been paid as rent to the Lessor; and in the event the Lessor shall not have paid the principal of said encumbrance or mortgage when the same becomes due, whether by expiration of time or by reason of the mortgagee or encumbrancee having declared the same to be due by reason of default, then and in that event the Lessee shall have the right to purchase said encumbrance and deal with the same as its own property, and said purchase of said encumbrance shall not be deemed a merger, but Lessee so purchasing said encumbrance, or the notes secured thereby, shall in all respects have the right to deal therewith as though said Lessee was in all respects a stranger to the title to said premises and not otherwise interested therein; and in event of any foreclosure sale, the Lessee shall have the right but shall not be obligated, to purchase said property at such sale with like effect of relief from any claim or merger arising therefrom."

■ The District Court held that there could be no implied covenant of quiet enjoyment in view of the provisions of the agreement set out above, and dismissed the petition. In this we believe the trial court was clearly right. The general rule in Missouri and elsewhere is that an ordinary lease raises an implied covenant of quiet enjoyment of the leased premises as regards the lessor, one claiming under him, or one asserting title paramount to that of

---

[1] This instrument actually transferred the interest of Karo Shoe Company to the estate of Phoebe B. Buehler, doing business as Buehler Bros. Market of the Estate of Christian Buehler. The parties to this action, however, treat the plaintiffs as the lessees and it is sufficient for the purpose of this opinion to refer to them as being the persons named in the agreement as lessees.

the lessor. Jackson v. Eddy, 12 Mo. 209; Geer v. Boston Little Circle Zinc Co., 126 Mo.App. 173, 103 S.W. 151; Stott v. Rutherford, 92 U.S. 107, 23 L.Ed. 486; Evans v. Williams, 291 Ky. 484, 165 S.W.2d 52. But it is equally well settled that such an implied covenant will not arise in the face of an express covenant of a more limited character. Maeder v. City of Carondelet, 26 Mo. 112; Burr v. Stenton, 43 N.Y. 462; Crouch v. Fowle, 9 N.H. 219, 32 Am.Dec. 350; Wagner v. Van Schaick Realty Co., 163 App.Div. 632, 148 N.Y.S. 736. The Maeder case, supra, involved an express stipulation that nothing contained in the lease should be construed as implying a covenant of quiet enjoyment. But the case neither holds nor implies that language as strong or specific as that used in the lease before the court in that case is necessary to negative an implied covenant. Burr v. Stenton, supra, held that an implied covenant of quiet enjoyment is limited by an express covenant that the lessee shall peaceably enjoy the premises for the term without disturbance from the lessor, his successors or assigns. In Wagner v. Van Schaick Realty Co., supra, it was held that where a lease stipulated that it was subordinate to any mortgage which the landlord might thereafter place on the property and that the lessee would execute papers necessary to effect such subordination, a covenant of quiet enjoyment would not be implied against ejectment based on foreclosure of a recorded mortgage in existence at the time the lease was executed.

█ The underlying reason for the rule implying a covenant of quiet enjoyment in an ordinary lease is the effectuation of the presumed intention of the parties to the lease. If the lease itself discloses an intention not to protect the lessee in this manner the reason for the rule fails. The court cannot read into the lease that which the instrument discloses was not intended fy the parties to be included. The quoted provisions of the agreements from defendant to Karo and from Karo to plaintiffs disclose that plaintiffs not only were warned of possible existence of an incumbrance on the property, to which the lease was expressly declared to be subordinate, but also that plaintiffs were given the right to protect themselves from loss as a result of foreclosure. They were authorized to pay any delinquent interest and apply the payment to the rent. In case of default in payment of principal, plaintiffs had a right to purchase the incumbrance, and in case of foreclosure to purchase the property, without in either case effecting a merger. The parties themselves specifically and expressly dealt with the matter of the incumbrances upon the property to which the leases were necessarily subordinate. We are convinced that these provisions are inconsistent with the existence of an implied covenant of quiet enjoyment as against foreclosure of the trust deed and that the rights and privileges of plaintiffs in regard to the incumbrance, stated in the agreement, were exclusive. The plaintiffs have cited no Missouri case in conflict with the decision of the District Court. We conclude that the District Court reached a permissible conclusion under the Missouri law and its judgment must be affirmed. Russell v. Turner, 8 Cir., 148 F.2d 562.

There is, however, another equally decisive reason plaintiffs cannot prevail. Apparently recognizing that no covenant by implication can arise against the assignor of a lease (Shannon v. Mastin, 135 Mo. App. 50, 114 S.W. 1127) plaintiffs take the position that while their agreement with Karo was an assignment, defendant's agreement with Karo was a sub-lease. The two agreements are identical in form. But plaintiffs contend that the lease to defendant ended on November 1, 1945, and that since defendant's agreement with Karo ended on October 31, 1945, defendant did not transfer its entire estate but retained a reversionary interest of one day which had the effect of making the instrument a sub-lease and not an assignment.

█ In construing the provisions of the original lease for a five year term "from and after" November 1, 1930, and granting an option of an additional ten year period, "from November 1, 1935 to November 1, 1945", we examine the lease as a whole in order to ascertain the intention of the parties. Ritchie v. State Board of Agriculture, 219 Mo.App. 90, 266 S.W. 492. In doing so we merely follow the cardinal rule in construction of a contract. Mathews v. Modern Woodmen, 236 Mo. 326, 139 S.W. 151, Ann.Cas.1912D, 483. The lease provides for a rental to be paid monthly in advance on the first day of November, 1930, and of each month thereafter during the continuance of the lease. This would seem to be a strong indication of the intention of the parties that the lease was to begin on November 1, 1930 and, upon exercise of the option, to end on Octo-

ber 31, 1945. There is nothing in the lease to indicate a contrary intention. As stated in 32 Am.Jur., page 140, "In a number of cases it has been held that a lease 'from' a given day included the day specified, since the decisions, in such cases are in a large measure due to the desire of the courts to give due effect to the intention of the parties as evidence not only from the use of the word 'from' but also from the peculiar circumstances of the case and other phraseology of the lease. Such a construction has also been given to a lease providing for the commencement of the term 'from and after' a specified day."

In Budds v. Frey, 104 Minn. 481, 117 N. W. 158, 160, 15 Ann.Cas. 24, it was held that where a lease was for a term from quarter to quarter "from and after April 1" and the rent was payable quarterly on the first day of January, April, July and October, the term commenced on the first rather than the second day of April, in accordance with the intention of the parties as disclosed by the instrument. In that case the court said: "The result of the authorities seems to be that whether the word 'from' shall be construed as inclusive or exclusive depends upon the context or the subject-matter, and particularly upon the expressed intention of the parties. Thus, in Pugh v. Duke of Leeds, 2 Cowp. 714, Lord Mansfield said: 'The sense of the word "from" must always depend upon the context and subject-matter, whether it shall be construed as inclusive or exclusive of the terminus a quo.' When the words 'from the date,' or 'from' a day named, are used in connection with the creation of an estate or the passing of an interest, and the parties have not manifested a contrary intention, the date of the instrument is inclusive, and an immediate interest passes; but, when used in connection with the computation of time, the date, as required by the statute, is exclusive."

Sheets v. Selden's Lessee, 69 U.S. 177, 2 Wall. 177, 178, 17 L.Ed. 822, relied on by plaintiffs, held that where a lease provided for payment of rent semi-annually on the first days of May and November and provided that if any installment should remain unpaid for one month from the time it was due, all rights and privileges of lessee should cease, the day on which the rent was due should be excluded in computing time and the one month from the first day of May within which rent was payable to prevent forfeiture was the first day of the following June. The Sheets case involved a forfeiture, universally abhorred by law, and the rule applied in the Sheets case that when an act is to be performed within a specified period "from and after" a day named, the day named is excluded and the last day of the specified period is included is not applicable to the facts of this case. Nor is R.S.Mo.1939, Sec. 655, Mo.R.S.A, relating to construction of statutes helpful to plaintiffs, for as stated by the Minnesota Supreme Court in referring to a similar statute, "manifestly this cannot aid us in determining when a lease commences or terminates." See Budds v. Frey, 104 Minn. at page 484, 117 N.W. at page 159, 15 Ann.Cas. 24. We have examined all the cases cited by plaintiffs and find none to support their contention that the term of defendant's lease ended November 1 rather than October 31, 1945.

 We conclude that the lease to defendant terminated on October 31, 1945, and that defendant's agreement with Karo transferred defendant's entire interest in the leased premises. This agreement was therefore an assignment and not a sublease, St. Joseph & St. L. R. Co. v. St. Louis, I. M. & S. Ry. Co., 135 Mo. 173, 36 S.W. 602, 33 L.R.A. 607, and no implied covenant could arise thereunder against defendant.

Judgment affirmed.